IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**POSITIVE GROUP LLC,**

    **Plaintiff,**

v.      CIVIL ACTION NO. 1:17-CV-149 (Keeley)
(Removed from the Circuit Court of Monongalia
County, West Virginia, Civil Action No. 17-C-159)

**MINSYR-OXBRIDGE LLC,**
D/B/A Waterfront Place Hotel and
**COMPASS BANK,**

    **Defendants.**

ELECTRONICALLY FILED
Aug 30 2017
U.S. DISTRICT COURT
Northern District of WV

**DEFENDANT MINSYR-OXBRIDGE LLC'S
<u>NOTICE OF REMOVAL</u>**

COMES NOW, the Defendant Minsyr-Oxbridge LLC d/b/a Waterfront Place Hotel ("Minsyr-Oxbridge"), by counsel Teresa J. Dumire, Courtney A. Kirtley, and the law firm of Kay Casto & Chaney, PLLC and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b), 1446(a), and 1332(a).

**I. INTRODUCTION**

1. The removed case is a civil action filed in the Circuit Court of Monongalia County, West Virginia, assigned Civil Action No. 17-C-159 and captioned *Positive Group LLC v. Minsyr-Oxbridge LLC, D/B/A Waterfront Place Hotel and Compass Bank*. In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all process, pleadings, and orders served in the state court action are attached hereto as **Exhibit A**.

2. In the state court action, Plaintiff alleges that it is owed money for labor, materials, supplies, and/or equipment furnished and delivered for use in the renovations of the

structure known as the Waterfront Place Hotel, which property is owned by Defendant Minsyr-Oxbridge and against which property Defendant Compass Bank holds a credit line deed of trust. *See,* Amended Complaint ¶¶ 3, 5-15, attached hereto as **Exhibit A**.

3. Plaintiff Positive Group LLC ("Plaintiff") is, and at all times relevant hereto was, a limited liability company organized under the laws of the State of West Virginia. *See,* Amended Complaint, ¶ 1.

4. Defendant Minsyr-Oxbridge is a Colorado limited liability company with its principal place of business in Englewood, Colorado. *See,* information from the West Virginia Secretary of State, attached hereto as **Exhibit B**.[1]

5. Defendant Compass Bank ("Compass Bank") is an Alabama corporation with its principal place of business in Birmingham, Alabama. *See,* information from the Alabama Secretary of State, attached hereto as **Exhibit C**.[2]

6. Plaintiff filed the Complaint initiating this case on April 7, 2017, but the Defendants were never served with the Complaint. Plaintiff filed the Amended Complaint on August 4, 2017, and served the Amended Complaint on Minsyr-Oxbridge through the West Virginia Secretary of State on August 7, 2017. Corporation Service Company, Minsyr-Oxbridge's agent for service of process, received the Summons and Amended Complaint by certified mail on August 14, 2017, and transmitted it to Minsyr-Oxbridge electronically on August 15, 2017. *See,* Corporation Service Company's Notice of Service of Process Transmittal E-mail, attached hereto as **Exhibit D**.

---

[1] *See also,* http://apps.sos.wv.gov/business/corporations/organization.aspx?org=328121

[2] *See also*, http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=003933&page=name&file=&type=ALL&status=ALL&place=ALL&city=

## II.   VENUE IS PROPER

7.   Venue in this case is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiff's claims occurred in and the property that is the subject of this action is situated in the Northern District of West Virginia, Clarksburg Division, and pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending. *See,* L.R. Gen. P. 77.02.

## III.   BASIS OF REMOVAL

8.   Removal is proper because there is complete diversity of citizenship between the parties. *See,* 28 U.S.C. § 1332(a).   Plaintiff is a West Virginia limited liability company. Defendant Minsyr-Oxbridge is both organized in and has its principal office address in the State of Colorado.   Defendant Compass Bank is both incorporated in and has its principal office address in the State of Alabama.

9.   In the Amended Complaint, Plaintiff seeks foreclosure of a bond in the amount of $254,577.07; damages for unjust enrichment, quantum meruit and quantum valebant, and breach of contract; and attorney fees and costs.  For purposes of removal, the amount in controversy is determined by considering the judgment that could be entered if the Plaintiff prevailed on the merits of its case as it stands at the time of removal.  Based upon the allegations in the Plaintiff's Amended Complaint, the amount in controversy in this case is well in excess of the $75,000.00 jurisdictional threshold under 28 U.S.C. §1332(a).

10.   Based upon the foregoing, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441(a), and 1446(b).  Complete diversity exists between the Plaintiff and the Defendants.  Further, although Minsyr-Oxbridge denies that the Plaintiff is entitled to recover the damages sought in its Amended Complaint, the amount placed in

controversy by the Plaintiff's Amended Complaint exceeds $75,000.00, exclusive of interest and costs.

11.     Because there is complete diversity of the parties and because the amount in controversy exceeds $75,000.00, removal is appropriate under 28 U.S.C. §1332.

### IV.     REMOVAL IS TIMELY AND APPROPRIATE

12.     Removal is proper under 28 U.S.C. §1446(b) as Minsyr-Oxbridge removed the case within thirty (30) days of service of process.  *See, Barbour v. Int'l Union,* 640 F.3d 599, 602 (4th Cir. 2011).  Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that defendant receives actual formal service of process.  *See, Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322 (1999)(holding time to remove begins to run from simultaneous service of summons and complaint, or receipt of complaint "through service or otherwise" after and apart from service of summons, but not by receipt of complaint unattended by formal service.).  While the West Virginia Secretary of State received the Summons and Amended Complaint on August 7, 2017, Minsyr-Oxbridge's statutory agent for service of process, Corporation Service Company, did not receive it until August 14, 2017.  *See,* Corporation Service Company's Notice of Service of Process Transmittal E-mail, attached hereto as Exhibit D.  Thus, the time frame in which to remove does not expire until September 7, 2017, at the earliest, and removal is timely.

13.     Defendant Compass Bank has been served with notice of the state court action (*see*, Exhibit A) and has consented to the removal of this action to federal court, pursuant to 28 U.S.C. § 1446(b)(2)(A).  A true and correct copy of Compass Bank's consent to remove is attached hereto as **Exhibit E**.

14. Pursuant to 28 U.S.C. § 1446(d), Minsyr-Oxbridge has provided written notice of the filing of this Notice of Removal to Plaintiff and parties which have entered appearances, as well as the Clerk of the Circuit Court of Monongalia County, West Virginia, contemporaneously with the filing of this Notice of Removal.

15. Minsyr-Oxbridge has not answered or otherwise responded to the Amended Complaint prior to filing this Notice of Removal.

## V.  CONCLUSION

16. Therefore, based on Plaintiff's Amended Complaint and proper diversity jurisdiction, Defendant Minsyr-Oxbridge removes this case to the United States District Court for the Northern District of West Virginia, Clarksburg Division.

Dated this 30th day of August, 2017.

Respectfully submitted,

**MINSYR-OXBRIDGE LLC**
**D/B/A Waterfront Place Hotel**
**By Counsel**

*Teresa J. Dumire*
Teresa J. Dumire, Esq. (WVSB #8032)
KAY CASTO & CHANEY PLLC
1085 Van Voorhis Rd., Suite 100
Morgantown, WV 26505
(304) 225-0970 (phone)
(304) 225-0974 (fax)
tdumire@kaycasto.com

Courtney A. Kirtley, Esq. (WVSB #9414)
KAY CASTO & CHANEY PLLC
103 Fayette Avenue
Fayetteville, WV 25840
Phone: (304) 574-4703
Fax: (304) 900-5544
ckirtley@kaycasto.com
*Counsel for Defendant Minsyr-Oxbridge LLC,*
*d/b/a Waterfront Place Hotel*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**POSITIVE GROUP LLC,**

    **Plaintiff,**

v.   CIVIL ACTION NO. 1:17-CV-149 (Keeley)
    **(Removed from the Circuit Court of Monongalia County, West Virginia, Civil Action No. 17-C-159)**

**MINSYR-OXBRIDGE LLC,**
**D/B/A Waterfront Place Hotel and**
**COMPASS BANK,**

    **Defendants.**

### CERTIFICATE OF SERVICE

I, Teresa J. Dumire, attorney for the within named Defendant do hereby certify that I have this 30th day of **August 2017**, served the foregoing **NOTICE OF REMOVAL** upon the within named Plaintiff by uploading the same to the Court's CM/ECF system, which will send notice of electronic filing to the following, and by mailing, postage prepaid, a true copy thereof to counsel for Plaintiff at the address below:

| | |
|---|---|
| Peter T. DeMasters, Esq. | Compass Bank |
| Bradford P. Bury, Esq. | 15 South 20th Street, Ste. 1802 |
| John T. McCartney, Esq. | Birmingham, Alabama  35233 |
| Flaherty Sensabaugh Bonasso PLLC | |
| 200 Capitol Street | |
| Charleston, WV  25301 | |
| *Counsel for Plaintiff* | |

                                                 *Teresa J. Dumire*
                                               Teresa J. Dumire, Esq. (WVSB #8032)